United States District Court
Southern District of Texas
ENTERED
July 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARCELYN MARIE CURRY, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-15-3089
§
OCWEN LOAN SERVICING LLC, AS SERVICER FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2002-D and AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2002-D, §
§
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Marcelyn Marie Curry ("Plaintiff" or "Curry") sued Ocwen Loan Servicing LLC, as Servicer for Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, Series 2002-D ("Ocwen") and Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, Series 2002-D ("Ameriquest") (together, "Defendants") in the 80th Judicial District Court of Harris County, Texas.[1]

[1]See Original Petition for Declaratory Judgment, Cancellation of Deed, Quieting of Title and for Damages for Breach of Contract ("Original Petition"), Exhibit B.1 to Notice of Removal, Docket Entry No. 1-2. Curry added Ameriquest in an amendment. See Plaintiff's Amended Petition with Joinder of Defendant Ameriquest Mortgage Securities Inc., Asset-Backed Pass Through Certificates, []Series 2002-D ("Amended Complaint"), Docket Entry No. 13.

Defendants timely removed.[2] Pending before the court is Defendants' Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 19). For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

## I. Factual Allegations and Procedural Background

Curry alleges the following facts. In October of 2002, Curry executed a Texas Home Equity Security Instrument and a Texas Home Equity Note secured by her home at 2813 Truxillo Street, Houston, Texas, 77004 (the "Property").[3] Ameriquest was later assigned the mortgage, and Ocwen currently services the mortgage.[4] In 2008, Curry received an insurance check in the amount of $10,430.29 for hurricane damage to the Property.[5] Curry was promised that she would receive one-third of the proceeds to begin renovations once

---

[2] See Notice of Removal, Docket Entry No. 1.

[3] See Amended Complaint, Docket Entry No. 13, p. 2; Texas Home Equity Security Instrument (First Lien), Exhibit A to Amended Complaint, Docket Entry No. 13-1, pp. 1-17; Texas Home Equity Note (Cash Out - Fixed Rate - First Lien), Exhibit B to Amended Complaint, Docket Entry No. 13-1, pp. 21-23; General Warranty Deed, Exhibit D to Amended Complaint, Docket Entry No. 13-1, pp. 24-25.

[4] See Amended Complaint, Docket Entry No. 13, pp. 2, 3. Town and Country Credit Corporation ("Town and Country"), the original holder, assigned the loan to Deutsche Bank National Trust Company, as trustee for Ameriquest. See Corporate Assignment of Deed of Trust, Exhibit C to Amended Complaint, Docket Entry No. 13-1, pp. 18-20.

[5] See Amended Complaint, Docket Entry No. 13, p. 2; Check dated December 3, 2008, made out to Marcelyn Curry & Citi Bank, Exhibit E to Amended Complaint, Docket Entry No. 13-1, p. 26.

Citi Residential Lending, the loan servicer at the time, received the check.[6] Although the check was "promptly signed and delivered to Citi Residential Lending, Inc.," Curry was then told she needed to complete all repairs before she could receive any insurance proceeds because she was behind on mortgage payments.[7] At some point before receiving the insurance proceeds check, Curry apparently defaulted on her mortgage, and she has not made any payments since at least 2010.[8]

On February 23, 2009, Curry sent American Home Mortgage Servicing ("AHMS"), the mortgage servicer at the time, a letter requesting that "all of my funds be placed on any late payments and the balance sent to me."[9] On June 9, 2009, AHMS inspected the Property and found that all repairs were complete, but AHMS refused to give Curry the insurance proceeds or apply them to past-due

---

[6] See Amended Complaint, Docket Entry No. 13, p. 2.

[7] See id.

[8] See id. at 2-3 ("In October 2008, Plaintiff's home was damaged by Hurricane Ike and on or about December 8, 2008 Plaintiff received an insurance check . . . . [B]ecause she was behind on the mortgage she was eventually told she had to do 100% of the repairs before she could get any of the proceeds." (emphasis added)). Curry does not allege that she made any payments after 2008, but mentions that "[i]n January, 2010, Plaintiff refused to either insure the property or make payments and [sic] in reliance on the . . . letters . . . of intent to foreclose on the property without any consideration of the funds in escrow." Id. at 3.

[9] See id. at 2; Letter from Curry to AHMS, Exhibit F to Amended Complaint, Docket Entry No. 13-1, pp. 27-31.

payments.[10] Curry never received a statement that the inspection showed 100% completion.[11]

In January of 2010, Curry refused to insure the Property or make mortgage payments in reliance on December 10, 2009, and January 21, 2010, letters "of intent to foreclose on the property without any consideration of the funds in escrow" from attorneys for AHMS and Ameriquest.[12] Curry sent a letter dated February 25, 2011, apparently in response to a "notice of intent to foreclose," complaining about the refusal to return funds as the cause of her failure to make mortgage payments or provide hazard insurance.[13] On March 11, 2011, a law firm representing Defendants sent Curry a Notice of Acceleration.[14] An April 6, 2011, letter from AHMS's attorney "acknowledged 100% completion [of repairs] and refusal to disburse the funds . . . ."[15]

---

[10]See Amended Complaint, Docket Entry No. 13, p. 2.

[11]See id.

[12]See id. at 3; January 21, 2010, letter from Moss Codilis, L.L.P. to Curry noticing default and intent to accelerate; December 10, 2009, letter from Moss Codilis, L.L.P. to Curry noticing default and intent to accelerate, Exhibit I to Amended Complaint, Docket Entry No. 13-1, pp. 36-39.

[13]See Amended Complaint, Docket Entry No. 13, pp. 2-3; February 25, 2011, Letter from Curry to Brice, Vander Linden & Wernick, P.C., Exhibit H to Amended Complaint, Docket Entry No. 13-1, pp. 34-35.

[14]See Amended Complaint, Docket Entry No. 13, p. 2; March 11, 2011, Notice of Acceleration, Exhibit J to Amended Complaint, Docket Entry No. 13-1, p. 40.

[15]See Amended Complaint, Docket Entry No. 13, p. 2; April 6, (continued...)

On June 21, 2011, AHMS filed an Application for Court Order Allowing Foreclosure in Harris County district court.[16] That application "was DISMISSED after the filing by Plaintiff of suit in District Court" (the "First Action").[17] The First Action was non-suited on August 29, 2013.[18] On April 29, 2015, Ocwen (then servicing the mortgage) filed another "application for Expedited Order Under Rule 736 on a Home Equity Loan" in Harris County district court.[19] That application was dismissed when Curry filed her Original Petition in this action on September 23, 2015.[20] Curry was granted leave to amend after removal and filed the Amended Complaint.[21] Curry asserts two causes of action: (1) "Motion for

---

[15](...continued)
2011, Letter from Brice, Vander Linden & Wernick, P.C. to Curry, Exhibit G to Amended Complaint, Docket Entry No. 13-1, pp. 32-33.

[16]See Amended Complaint, Docket Entry No. 13, p. 3.

[17]Id.

[18]Id.

[19]Id.

[20]See Original Petition, Exhibit B.1 to Notice of Removal, Docket Entry No. 1-2.

[21]See Order of February 4, 2016, Docket Entry No. 11 (granting Curry's motion for leave to amend since the suit was originally filed in state court and she was seeking to clarify her claims). The court entered a Docket Control Order on February 26, 2016, and motions to amend or add new parties were due by March 25, 2016. See Docket Entry No. 15. On March 25, 2016, Curry filed Plaintiff's Second Motion to Amend the Complaint, Docket Entry No. 16, and Plaintiff's Motion to Add New Parties, Docket Entry No. 17. Since there was no proposed amended complaint and there were no new parties referenced in either pleading, the court assumed that Curry was seeking leave to file her Amended Complaint, and granted those motions so that the Amended Complaint, Docket Entry No. 13, is
(continued...)

Declaratory Judgment that the Cause of Action Accrued on January 10, 2010, and the Real Property Lien and the Power of Sale to Enforce the Real Property Lien Are Void Under Sec. 16.035 of the Texas Civil Practice Code;" and (2) "Motion for Declaratory Judgment that the Cause of Action Accrued on March 11, 2011, and the Real Property Lien and the Power of Sale to Enforce the Real Property Lien Are Void Under Sec. 16.035 of the Texas Civil Practice Code."[22] She also seeks to have title quieted in her name and to be granted judgment for insurance proceeds and costs of court.[23] Defendants filed the Motion to Dismiss on May 10, 2016.[24]

## II. Standard of Review

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."

---

[21](...continued) considered Curry's live pleading. See Order of April 20, 2016, Docket Entry No. 18.

[22]Amended Complaint, Docket Entry No. 13, pp. 3, 5.

[23]See id. at 8.

[24]Curry has not filed a response. See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 127 S. Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). The court may also consider "documents incorporated into the complaint

by reference, and matters of which a court may take judicial notice.'" Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007)); see also Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996).

Under Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pleadings in other court proceedings are the proper subject of judicial notice as matters of public record. See 330 Cedron Trust v. Citimortgage, Inc., Civ. Action No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. April 8, 2015) (taking judicial notice of state court documents "that are a matter of public record" attached to a motion to dismiss and notice of removal by the defendant bank in a mortgage foreclosure case); Chauhan v. Formosa Plastics Corp., 212 F.3d 595, 2000 WL 423367, at *1 (5th Cir. 2000) (unpublished) (noting that it was appropriate for the magistrate judge to take judicial notice of documents related to previous state-court proceeding and federal action) (citing Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995)); see also Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (unpublished); Morlock, L.L.C. v. JPMorgan Chase Bank, N.A., Civ. Action No. H-13-0734, 2013 WL 5781240, at *1 n.12 (S.D. Tex. Oct. 25, 2013).

## III. Analysis

Curry argues that the statute of limitations for Defendants to foreclose has expired. She seeks declarations that the "cause of action accrued on January 10, 2010," and that the "cause of action accrued on March 11, 2011," so that "the real property lien and the power of sale to enforce the real property lien are void under sec. 16.035 of the Texas Civil Practice [and Remedies] Code."[25]

Defendants argue that Curry has not made a mortgage payment or paid property taxes or hazard insurance in eight years, causing Defendants to incur substantial expenses to protect their interest in the Property.[26] Defendants have sought two orders permitting foreclosure under Tex. R. Civ. P. 736, but Curry has achieved abatement and dismissal of those proceedings by filing separate lawsuits.[27] Defendants thus argue that Curry's "prior legal maneuvering has tolled, and continues to toll, the applicable statute of limitations."[28]

### A. The Statute of Limitations

Texas Civil Practice and Remedies Code § 16.035 provides (in part):

---

[25]See Amended Complaint, Docket Entry No. 13, pp. 3, 5.

[26]See Motion to Dismiss, Docket Entry No. 19, p. 6.

[27]See id.

[28]See at 7.

> (a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.
>
> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

Once the four-year limitations period expires, a real-property lien and the power of sale to enforce the lien in the mortgage or deed of trust become void. See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001) (citing Tex. Civ. Prac. & Rem. Code § 16.035(d)). The borrower's default does not automatically trigger the limitations period where acceleration is optional at the election of the note holder. Id. at 566. The foreclosure cause of action accrues only when the holder actually exercises its acceleration option. Id.; Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." Holy Cross, 44 S.W.3d at 566 (citations omitted). "Both notices must be 'clear and unequivocal.'" Id. (citations omitted).

**B. First Alleged Accrual Date**

Curry first claims that Defendants' foreclosure cause of action accrued on January 10, 2010.[29] It is unclear why Curry asserts the cause of action accrued that day, because the Amended Complaint does not mention that date elsewhere. Perhaps she intended to argue that the cause of action accrued on January 21, 2010, which is the date Defendants' attorneys sent the second of two letters noticing default and intent to accelerate. Curry describes these letters as noticing "intent to foreclose on the property without any consideration of the funds in escrow."[30] However, these letters only notice Defendants' intent to accelerate if the loan is not brought current within 35 days.[31]

Acceleration is only effective with two clear and unequivocal notices: a notice of intent to accelerate and a notice of acceleration. See Holy Cross, 44 S.W.3d at 566. Curry does not allege that Defendants sent a notice of acceleration on or before January 10, 2010. Even if Defendants effectively accelerated the loan on January 10, 2010, that acceleration was abandoned. Under Texas law the parties can abandon acceleration by agreement or

---

[29]See Amended Complaint, Docket Entry No. 13, pp. 3-4.

[30]Id. at 4.

[31]See January 21, 2010, letter from Moss Codilis, L.L.P. to Curry noticing default and intent to accelerate; December 10, 2009, letter from Moss Codilis, L.L.P. to Curry noticing default and intent to accelerate, Exhibit I to Amended Complaint, Docket Entry No. 13-1, pp. 36-39.

actions. See Khan, 371 S.W.3d at 356; Clawson v. GMAC Mortgage, LLC, Civ. Action No. 3:12-CV-00212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). Because parties may abandon acceleration through their actions alone, there is no requirement in Texas that an agreement to abandon acceleration must be in writing or that it is subject to the Statute of Frauds. See In re Rosas, 520 B.R. 534, 539 (Bankr. W.D. Tex. 2014) (citing Khan, 371 S.W.3d at 356). A lender can unilaterally abandon an acceleration. Leonard v. Ocwen Loan Servicing, L.L.C., 616 F. App'x 677, 680 (5th Cir. 2015) ("Leonard II"); Clawson, 2013 WL 1948128, at *4. For example, a lender may abandon acceleration by sending new notices of default and intent to accelerate demanding less than the full balance of the loan. See Leonard v. Ocwen Loan Servicing, Inc., Civ. Action No. H-13-3019, 2014 WL 4161769, at *4-5 (S.D. Tex. Aug. 19, 2014) ("Leonard I"), aff'd, Leonard II, 616 F. App'x 677; Boren v. U.S. Bank National Association, Civ. Action No. H-13-2160, 2014 WL 5486100, at *1-2 (S.D. Tex. Oct. 29, 2014), aff'd, 807 F.3d 99 (5th Cir. 2015). Abandonment "resets" the statute of limitations for the foreclosure cause of action and restores the loan to its original maturity date. See Leonard I, 2014 WL 4161769, at *4 ("[I]f a noteholder abandons acceleration, he no longer must foreclose within four years from the date of acceleration." (citations omitted)). Since Curry's loan was allegedly accelerated

on March 11, 2011, any earlier 2010 acceleration was abandoned.[32] See Cline v. Deutsche Bank National Trust Co., Civ. Action No. 3:14-CV-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) (acceleration abandoned by "seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters.").

**C. Second Alleged Accrual Date**

Curry's second cause of action asserts that Defendants' foreclosure claim accrued on March 11, 2011, when she received a Notice of Acceleration.[33] Under Texas Rule of Civil Procedure 735.1(a), "Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument . . . including a lien securing . . . a home equity loan[.]" Defendants filed a Rule 736 application for court order allowing foreclosure pursuant to the power of sale in the security instrument on June 21, 2011, but that suit was mandatorily stayed when Curry filed the First Action. See Tex. R. Civ. P. 736.11(a) ("A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of

---

[32]The Amended Complaint is unclear, but the March 11, 2011, Notice of Acceleration may have been predicated on the January 21, 2010, Notice of Default. In that case, as discussed above, acceleration did not occur and the cause of action did not accrue until March 11, 2011.

[33]See Amended Complaint, Docket Entry No. 13, pp. 5-7.

the loan agreement, contract, or lien sought to be foreclosed."). Curry non-suited the First Action on August 29, 2013.[34] Defendants filed another Rule 736 application for non-judicial foreclosure on April 29, 2015, which was stayed and then dismissed by Curry's filing of this action.[35]

Defendants argue that while Curry's action was pending they could not exercise their power of sale because Texas requires lenders to first obtain a court order allowing them to proceed with the sale.[36] See Tex. Const. art. XVI, § 50(a)(6)(D) (a home equity loan may be foreclosed upon only by court order); Milligan v. CitiMortgage, Civ. Action No. 6:14-CV-594, 2015 WL 3523054, at *3 (E.D. Tex. June 3, 2015). Defendants rely on the general rule that where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." Hughes v. Mahaney & Higgins,

---

[34]See Amended Complaint, Docket Entry No. 13, p. 3.

[35]See id. Defendants do not argue that they abandoned the alleged acceleration. The Motion to Dismiss states: "even assuming *arguendo* that Defendants' foreclosure cause of action accrued on March 11, 2011, and that it was not subsequently abandoned by Defendants' later acceleration . . ." but does not indicate when the later acceleration occurred or discuss it further. See Motion to Dismiss, Docket Entry No. 19, pp. 11-12.

[36]See Motion to Dismiss, Docket Entry No. 19, pp. 10-16.

821 S.W.2d 154, 157 (Tex. 1991)[37] (quoting Walker v. Hanes, 570 S.W.2d 534, 540 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (and citing other cases); see Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992).

Defendants argue that "[t]his tolling rule has been specifically applied by Texas courts to the statute of limitations in Section 16.035."[38] In HSBC Bank USA, N.A. v. Crum, Civ. Action No. 3:14-CV-3522-B, 2016 WL 728569, at *1, *5 (N.D. Tex. Feb. 24, 2016), the loan was accelerated on June 10, 2009, and on July 4, 2011, the plaintiff sued to halt foreclosure on the property. The court held that the statute of limitations for the bank to foreclose upon the note was tolled for 500 days while the plaintiff's "foreclosure prevention suit" was active in court.[39] Id. at *5 (citing Wells Fargo Bank, N.A. v. Murphy, 458 S.W.3d 912, 915 n.1 (Tex. 2015) (citing Tex. R. Civ. P. 736.11(a)).

Defendants also cite Pioneer Building & Loan Association v. Johnston, 117 S.W.2d 556, 557-59 (Tex. Civ. App.—Waco 1938, writ

---

[37]Hughes, 821 S.W.2d at 157, held that the statute of limitations for a legal malpractice action is tolled during the exhaustion of appeals in the underlying action.

[38]Motion to Dismiss, Docket Entry No. 19, p. 12.

[39]Defendants' other authority is not directly analogous but applied Hughes' reasoning. See Peterson v. Texas Commerce Bank-Austin, National Association, 844 S.W.2d 291, 292, 294 (Tex. App.—Austin 1992, no writ) (holding that under Texas common law in a deficiency suit on a promissory note, the pendency of a federal bankruptcy proceeding tolled the state statute of limitations for suing on the debt until the automatic bankruptcy stay was lifted).

dism'd), where the trial court granted a temporary and then permanent injunction restraining the defendant from selling the mortgaged property under the powers given in the deed of trust. The plaintiffs argued that since the debt secured by the liens was barred by limitations, the right to enforce payment of the debt through sale under the deeds of trust was also barred. Id. at 559. The applicable statute then read: "no power of sale conferred by a deed of trust or other mortgage on real estate . . . shall be enforced after the expiration of four (4) years from the maturity of the indebtedness secured thereby." Id. The plaintiffs argued that "since the [defendant] could have prevented the running of limitation on its debt by [suing on its debt and seeking foreclosure through the courts], the [defendant] is not entitled to invoke the equitable rule above referred to." Id. The court held that:

> [T]he [defendant] had the contractual right to have the property sold under the powers given in the deeds of trust, and it was not required to abandon this right and resort to the alternative remedy of foreclosing through the courts. The debtors could not, by the wrongful procurement of an injunction, force [defendant] to waive its right to sell under the deeds of trust and seek foreclosure through the courts. Such a rule would permit a party, by his own wrongful conduct, to destroy the lawful contractual rights of his adversary, and is therefore unsound.

Id. (citations omitted) (emphasis added). Thus, the defendant's "right to sell the property under the powers given in its deeds of trust for the balance of its indebtedness is not barred by

limitation." Id. at 560. See also Parks v. Purnell, 144 S.W.2d 599, 601 (Tex. Civ. App.—El Paso 1940, no writ).

Defendants acknowledge that they had the option to pursue judicial foreclosure as an alternative to exercising their power of sale pursuant to the procedures in Rule 736, but argue that Curry could not, by filing a separate lawsuit, force Defendants to abandon the right to exercise their power of sale under the mortgage.[40] See Tex. R. Civ. P. 735.3. The right to seek judicial foreclosure and the right to exercise the power of sale granted in a mortgage or deed of trust are separate and distinct remedies. In re Erickson, 566 F. App'x 281, 284 (5th Cir. 2014) ("Both this court and the Texas Courts of Appeals have held that judicial foreclosure and the ability of a trustee to foreclose under the power of sale in a deed of trust are separate and distinct remedies, either of which the trustee may elect to pursue.").[41] A

---

[40]See Motion to Dismiss, Docket Entry No. 19, p. 14 n.15.

[41]Because borrowers cannot deprive a lender of a choice of remedies, a claim for judicial foreclosure is not a compulsory counterclaim in a borrower's independent suit relating to the mortgage. See Douglas v. NCNB Texas National Bank, 979 F.2d 1128, 1130 (5th Cir. 1992) ("Under Texas law, when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule . . . does not require the secured party to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure." (citations omitted)); see also Kaspar v. Keller, 466 S.W.2d 326, 329 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.); Huston v. U.S. Bank National Association, 988 F. Supp. 2d 732, 738-40 (S.D. Tex. 2013) ("Huston II"); Soin v. JPMorgan Chase Bank, N.A., Civ. Action No. H-14-1861, 2014 WL 4386003, at *2-3 (S.D. Tex. Sept. 4, 2014).

Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender. Steptoe v. JPMorgan Chase Bank, N.A., 464 S.W.3d 429, 433 (Tex. App.—Houston [1st Dist] 2015, no pet.); see also Huston v. U.S. Bank National Association, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Defendants were thus prevented from obtaining the constitutionally required court order they needed to exercise their contractually granted power of sale.[42] See Tex. R. Civ. P. 735.1. Pursuant to

[42]Defendants argue that they were completely prevented from obtaining such an order because under Tex. R. Civ. P. 735.1-.3, as amended effective January 1, 2012, Rule 736 provides the exclusive method for obtaining a court order allowing foreclosure pursuant to a power of sale in Texas. Motion to Dismiss, Docket Entry No. 19, pp. 14-15 (comparing the pre- and post-amendment language of Rule 735). See Huston II, 988 F. Supp. 2d at 739-40 ("Here, to foreclose its lien securing a home equity loan, U.S. Bank had the option of either seeking a Rule 736 order in an expedited proceeding or filing a claim for judicial foreclosure under the Property Code." (citing Tex. R. Civ. P. 735.3)); Steptoe, 464 S.W.3d at 432-33 (citing Tex. R. Civ. P. 735.1(a), 735.3, 736.9; Tex. Prop. Code Ann. § 51.002(a) (Vernon 2014); In re Erickson, 566 F. App'x at 284)). Some courts have quoted the old language of Rule 735 after the amendment without explanation. See, e.g., Biliter v. Central Mortgage Co., Civ. Action No. H-14-663, 2015 WL 867443, at *7-8 (S.D. Tex. Feb. 17, 2015); Bernal v. The Bank of New York Mellon, 2015 WL 8207498, at *4 (S.D. Tex. Dec. 7, 2015); but see Bierwirth v. TIB-The Indep. BankersBank, Civ. Action No. 03-11-00336-CV, 2012 WL 3239121, at *4 (Tex. App.—Austin Aug. 10, 2012, no pet.) ("Under the applicable version of Tex. R. Civ. P. 735, a party seeking to foreclose a home-equity lien created under article XVI, section 50(a)(6) of the Texas Constitution may file (1) a suit seeking judicial foreclosure, (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code section 51.002, or (3) an application under rule 736 of the Texas Rules of Civil Procedure for an order allowing foreclosure.") (citing Tex. Sup. Ct. R. 735, 9-10 S.W.3d XXIV (2000, amended 2012)).

the authority discussed above, the statute of limitations for exercising such power was thus tolled during the pendency of Curry's First Action (from July 20, 2012, to August 29, 2013) and had not expired when Defendants filed their second Rule 736 Application on April 29, 2015.

## IV. Conclusions and Order

The Amended Complaint fails to allege sufficient facts to plausibly support that conclusion that the statute of limitations for Defendants to exercise the power of sale under the mortgage has expired. Defendants' Motion to Dismiss (Docket Entry No. 19) is therefore **GRANTED**, and this action will be dismissed with prejudice.[43]

**SIGNED** at Houston, Texas, on this 14th day of July, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

[43] "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)); see also Conrad v. SIB Mortgage Corp., Civ. Action No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying[] claim or cause of action."); Elekes v. Wells Fargo Bank, N.A., Civ. Action No. 5:13-CV-89, 2014 WL 2700686, at *5 (S.D. Tex. June 11, 2014) ("Declaratory judgment is merely a form of relief that the Court may grant; it is not a substantive cause of action.") (citation omitted). Because Curry's claims will be dismissed, her requests for declaratory relief have no merit.